IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY BARKSDALE-BEY           :

   v.                         :   Civil Action No. DKC 11-0073

ROY V. CREASY, TRUSTEE        :

## MEMORANDUM OPINION

On January 7, 2011, the clerk opened this case upon receipt from Henry Barksdale-Bey of a complaint and motion to proceed in forma pauperis. ECF Nos. 1 and 2. Plaintiff's complaint, signed on January 3, 2011, filed under 42 U.S.C. § 1983, names as Defendant the Bankruptcy Trustee of Peanut Corporation of America ("PCA"), and seeks "punitive damages of $250,000" related to an incident, on January 17, 2009, in which he "became very ill from consuming peanut butter" produced by PCA. (ECF No. 1). For the following reasons, Plaintiff will be granted permission to proceed in forma pauperis, but the complaint will be dismissed for lack of subject matter jurisdiction. See, 28 U.S.C. § 1915(e)(2).

On February 13, 2009, Peanut Corporation of America ("PCA") filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. See Case No. 09-60452, United States Bankruptcy Court for the Western

District of Virginia.[1]  Roy V. Creasy, the defendant in this case, was appointed as trustee.  On October 2, 2009, the bankruptcy court approved a settlement and distribution procedure regarding claims against PCA for injuries resulting from the ingestion of tainted peanut products that it allegedly produced.  The approved procedure required proof of claims for injuries to be filed by October 31, 2009, with an appointed claims administrator.  Claimants were also required to submit documentation to establish that their claim met established eligibility criteria.

Plaintiff Henry Barksdale-Bey, an inmate at Maryland Correctional Institute – Jessup, was among those who filed a proof of claim form with the claims administrator.  His claim, however, did not include sufficient documentation to establish that he met the eligibility criteria.  Plaintiff was notified of this deficiency, but failed to cure it.  Defendant moved for an order disallowing Plaintiff's personal injury claim, which Plaintiff opposed.  The bankruptcy court held a hearing on Defendant's motion, and when Plaintiff failed to appear, the motion was granted.  Thus, Plaintiff's claim was disallowed and the bankruptcy court ordered that he "shall not be entitled to share in any distributions from the *Salmonella* Claim fund established by the Procedures or share in any distribution from

---

[1] The court may take judicial notice of court records.

2

the estate of the Debtors." *In re Peanut Corporation of America*, Case No. 09-60452, at Dkt. No. 465 (Bankr.W.D.Va. Jun. 14, 2010).

This court is without subject matter jurisdiction to consider this matter under the *Barton* Doctrine:

> The Barton Doctrine, so named after the United States Supreme Court case *Barton v. Barbour*, states that "leave of the appointing forum must be obtained by any party wishing to initiate an action in a non-appointing forum against a trustee for acts done in a trustee's official capacity." *In re Silver Oak Homes, Ltd*., 167 B.R. 389, 394 (Bankr.D.Md. 1994); *see also In re DeLorean Motor Co*., 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881) ("before suit is brought against a receiver, leave of the court by which he was appointed must be obtained")). The Barton Doctrine applies to lawsuits against bankruptcy trustees, such that any party seeking to file suit against a trustee related to the trustee's administration of the estate must first seek permission of the bankruptcy court. *Muratore v. Darr*, 375 F.3d 140, 146 (1st Cir. 2004).

*Byrd v. Hoffman*, 417 B.R. 320, 326 (D.Md. 2008). *See also In re Harris*, 590 F.3d 730, 741 (9th Cir. 2009) ("the *Barton* doctrine requires 'that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. . . . Without leave of the court that appointed the trustee . . . 'the other forum lack[s] subject matter jurisdiction over the suit.")

3

(emphasis removed) (quoting *In re Crown Vantage, Inc.*, 421 F.3d 963, 970-71 (9th Cir. 2005)).

Here, Plaintiff has initiated an action in the District of Maryland against a bankruptcy trustee in a case pending in the Western District of Virginia, *i.e.*, another forum, related to acts of the trustee in his official capacity. Moreover, there is no indication that he has obtained leave of the bankruptcy court prior to doing so. Thus, this court lacks subject matter jurisdiction.

Thus, while Plaintiff will be granted permission to proceed in forma pauperis, this complaint must be dismissed. A separate order will be entered.

                                                     /s/
DEBORAH K. CHASANOW
United States District Judge